UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES A. JONES                                                         Plaintiff

v.                                                      Civil Action No. 3:18-cv-P456-RGJ

TRINITY FOOD SERVICES                                      Defendant

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Charles A. Jones, Jr., *pro se*, filed this *in forma pauperis* civil-rights action. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC), sues Trinity Food Services, the "food service/commissary" at LMDC. He alleges that he never received a care package ordered for him by his mother. He states that his mother's email correspondence with Defendant Trinity Food Service revealed that Plaintiff's name had been forged. Plaintiff further alleges that, when he sent an action request and inmate grievance form, "they never gave me back a reply." He states that he did not receive an answer even though he was told that "they had 10 business days to reply." He states further that when he "asked the commissary lady in charge (Ms. Peaches) she told me take it as a lose because I'm not getting it. Due to my father using my ID now . . . I just had to go threw a name change while in jail." Finally, he alleges that "when items are not in stock my family never gets a refund on the items that wasn't in stock."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To the extent that Plaintiff is alleging a constitutional violation because he did not receive a care package in violation of his due-process rights, his claim fails to state a claim for which relief may be granted. A prisoner claiming an unauthorized, intentional deprivation of property in violation of the Due Process Clause must show that state post-deprivation remedies are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). Kentucky has adequate post-deprivation remedies for the confiscation or destruction of property, such as a tort action for conversion against individual defendants. *See*

*Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985). Consequently, Plaintiff's claim related to his missing care package must be dismissed.

To the extent that Plaintiff is alleging that his constitutional rights were violated because prison officials failed to answer his grievance regarding his lost care package, Plaintiff also fails to state a claim for which relief may be granted. An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer*, 638 F. Supp. at 316. Thus, Plaintiff's claim relating to the lack of a response to his grievance must be dismissed.

Finally, Plaintiff appears to be alleging that his family should be refunded for items they paid for but which were out of stock. Plaintiff may not bring such a claim on behalf of another. As a *pro se* litigant, Plaintiff may act as his own counsel in this matter. *See* 28 U.S.C. § 1654. However, he is not authorized to represent others in federal court. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that a plaintiff may not appear *pro se* where interests other than the plaintiff's are at stake). Moreover, Plaintiff may only assert those claims which are personal to him. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Thus, Plaintiff lacks standing to assert a claim on behalf of his family for not receiving a refund on out-of-stock items. Therefore, this claim will be dismissed as frivolous for lack of subject matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
　　　Defendant
A961.009